UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMIR SHABAZZ,

    Plaintiff,

v.

RON BROOMFIELD, et al.,

    Defendants.

Case No. 22-cv-05569-BLF

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner proceeding *pro se*, filed this civil rights case under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM) to San Quentin State Prison (SQSP) in May 2020. Plaintiff's complaint (Dkt. No. 1) is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the complaint is ordered served on Defendants. Plaintiff will be granted leave to proceed *in forma pauperis* by separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d

989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff names the following Defendants:

    a.   SQSP Warden Ron Broomfield,

    b.   Former California Department of Corrections and Rehabilitation (CDCR) Secretary Ralph Diaz,

    c.   Former Associate Director of Reception Mission Ron Davis,

    d.   CDCR Director Kathleen Allison,

    e.   Federal Receiver J. Clark Kelso,

    f.   SQSP Chief Medical Executive Alison Pachynski,

    g.   California Institute for Men (CIM) chief medical officer L. Escobell,

    h.   San Quentin Healthcare Chief Executive Director Clarence Cryer,

    i.   CIM Warden Dean Borders, and

    j.   CCHCS Director Joseph Bick.

Plaintiff sues all Defendants in both their individual and official capacities.

Plaintiff alleges that Defendants knowingly transferred 122 prisoners from the California

2

Institute for Men (CIM), where there was a COVID-19 outbreak, to San Quentin State Prison (SQSP), where there were no COVID-19 cases, on May 30, 2020. Dkt. No. 1 at 6. He alleges that SQSP was an inappropriate prison for sending the prisoners, because it has "exceedingly poor ventilation" and housing with open cell fronts. Dkt. No. 1 at 13-14. He alleges that Defendants "ignored virtually every safety measure" in implementing the transfer. *Id.* at 7. Plaintiff contracted the disease as a result of the ensuing outbreak. *Id.*

Plaintiff alleges that Defendant Kelso is liable as a supervisor because he "was made aware of the dangerous harm that transferring 122 inmates into San Quentin that had came from a Coronavirus Infected Prison where inmates had died, and, as a Defendant in a position of authority to prevent the transfer, ignored all warnings, advice and Statewide Memorandum from other Defendants, and failed to take action." Dkt. No. 1 at 18.

When liberally construed, Plaintiff's allegations state a cognizable claim for deliberate indifference to his safety, in violation of the Eighth Amendment, against all Defendants. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it). The allegations state plausible claims against Defendants based on their described positions within CDCR or at specific prisons.

The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). State officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. *Id.* Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacities. *See id.* The Court DISMISSES Plaintiff's claims for damages against Defendants in their official capacities.

**CONCLUSION**

For the reasons set out above,

1. The Court DISMISSES Plaintiff's claims for damages based on Defendants' actions in their official capacity, as barred by the Eleventh Amendment.

2. The Court ORDERS that service on the following Defendants shall proceed under the California Department of Corrections and Rehabilitation ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Ron Broomfield,

    b. Ralph Diaz,

    c. Ron Davis,

    d. Kathleen Allison,

    e. Alison Pachynski,

    f. L. Escobell,

    g. Clarence Cryer,

    h. Dean Borders, and

    i. Joseph Bick.

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a

USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Court ORDERS that service on defendant Clark Kelso shall proceed separately.  The Clerk is directed to electronically serve Clark Kelso and his attorney via the email address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint (Dkt. No. 1), this Order of Service, and a Waiver of the Service of Summons form.

4. All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5. This Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter.  *See* Dkt. No. 7.

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 12, 2023

BETH LABSON FREEMAN
United States District Judge